**KINNEAR–WEED CORPORATION and C. W. Kinnear, Pliantiffs-Appellants,**

v.

**REED ROLLER BIT COMPANY et al., Defendants-Appellees.**

No. 73–3224.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1974.

Rehearing Denied Feb. 12, 1975.

William E. Kinnear, Beaumont, Tex., for plaintiffs-appellants.

A. H. Evans, W. R. Robins, Houston, Tex., for Reed Roller Bit, and others.

Edward A. Haight, Chicago, Ill., for Hughes Tool Co.

Clinton F. Morse, Garrett R. Tucker, Jr., Houston, Tex., for The Rucker Co., and others.

Ralph R. Browning, C. James Bushman, Houston, Tex., for Security Engineering & Sun Oil.

E. H. Brown, Phillips Petroleum Co., Houston, Tex., for Phillips Petro. Co.

Dean J. Capp, Houston, Tex., for AMOCO Production Co., Amoco Oil Co.

Tom Arnold, Robert A. White, Kenneth E. Kuffner, Houston, Tex., for Superior Oil & Continental Oil.

K. M. Nolen, Houston, Tex., for Amoco Production Co.

Before BELL and CLARK, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

This appeal is from the grant of a motion for summary judgment in favor of defendants in six civil actions claiming patent infringement.

The patent in suit, long since expired, was before this court in Kinnear-Weed Corporation v. Humble Oil & Refining Co., 5 Cir., 1968, 259 F.2d 398, reh. den. with opinion, 266 F.2d 352 (5 Cir., 1959), corrected judgment entered, 296 F.2d 215 (5 Cir., 1961). In the opinion on the petition for rehearing, we held that ". . . the claims themselves of the reissue patent are limited to a combination rotary drilling tool, bit, or drill . . .". 266 F.2d at 352.

It is undisputed that the accused bits are not combination bits within this prior holding. The combination bit described in our holding are those having both roller cutters and blade-type cutters. The accused bits have roller cutters but no blade-type cutters.

The position of appellants, although not clear from their brief but as we understood it on oral argument, is that our

prior limitation to a combination bit is invalid in that it was rooted in Finding of Fact No. 65 of the district court in the original patent litigation, Kinnear-Weed Corporation v. Humble Oil & Refining Co., E.D.Tex., 1956, 150 F.Supp. 143, from which the aforesaid appeal was taken to this court. It is said that this finding was erroneous, and that we should now lift the limitation so as to include the accused bits.[1] This we decline to do.

We find no merit in this appeal in any of the particulars asserted.

Affirmed.

---

1. Appellees do not claim that this position is in violation of the injunction entered to prohibit the further litigation by Kinnear-Weed of certain issues respecting alleged fraud in connection with the original patent litigation in the district court. See Kinnear-Weed Corporation v. Humble Oil & Refining Co., S.D.Tex., 1969, 324 F.Supp. 1371, aff'd, 441 F.2d 631 (5 Cir., 1971), cert. den., 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971), reh. den., 404 U.S. 996, 92 S.Ct. 532, 30 L. Ed.2d 549 (1971).